## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

    Jennifer Marie Wenzel                            Chapter 7
                                                         Case No.: 14-60031

                      Debtor

Erik A. Ahlgren, Trustee,

                      Plaintiff,                              Adv. Proc. No. _____

vs.

Steven L. Johnson

                      Defendant

### COMPLAINT TO RECOVER FRAUDULENT CONVEYANCE

Erik A. Ahlgren, as trustee in the above referenced bankruptcy case brings this complaint to recover a fraudulent conveyance made to Steven L. Johnson and states as follows:

**Parties**

1. On January 29, 2014, Jennifer Marie Wenzel (the "Debtor") filed a petition under chapter 7 of the Bankruptcy Code and was granted an order for relief.

2. Plaintiff, Erik A. Ahlgren (hereinafter "Plaintiff") is the duly appointed and acting trustee in the bankruptcy case.

3. Defendant, Steven L. Johnson (hereinafter "Defendant"), is the Debtor's boyfriend. Both the Debtor and Defendant reside at 1255 6th Avenue North, St. Cloud, MN 56303.

## Jurisdiction and Venue

4. This adversary proceeding is brought pursuant to 11 U.S.C. §§544(b), 548 and 550 and Federal Rules of Bankruptcy Procedure 7000(1) to avoid certain pre-petition transfers from Debtor to Defendant as fraudulent transfers and to recover from Defendant the value of said transfers.

4. Jurisdiction over this adversary proceeding is based on 28 U.S.C. §§1334(b) and 157(b)(2)(F). This is a core proceeding under 28 U.S.C. §157(b)(2)(F).

5. This district is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §1409(a).

6. On or about July 5, 2013, the Debtor transferred $6,325.00 to the Defendant. The funds were then used for a down payment on the home in which the Debtor and Defendant reside.

7. The home is titled solely in the Defendant's name.

8. By transferring $6,325.00 to the Defendant, the Debtor was transferring an interest in property owned by the Debtor.

9. The Debtor's transfer of $6,325.00 to the Defendant was made with the actual intent to hinder, delay or defraud creditors of the Debtor.

10. The Debtor received less than a reasonably equivalent value in exchange for the transfer of the $6,325.00.

11. Debtor was either insolvent at the time of the transfer or became insolvent as a result of the transfer.

12. Pursuant to Bankruptcy Code §544(b) and the Minnesota Fraudulent Transfer Act, Plaintiff may avoid the transfer of $6,325.00 to the Defendant.

13. In the alternative, the Plaintiff may avoid the transfer of $6,325.00 to the Defendant under 11 U.S.C. §547.

14. Upon avoidance, Plaintiff is authorized to recover the $6,325 from Defendant pursuant to Bankruptcy Code §550.

WHEREFORE, Plaintiff seeks an order of the court granting judgment against the Defendant in the amount of $6,325.00, together with the costs and disbursements of this action.

Date: April 23, 2014

/e/ Erik A. Ahlgren
Erik A. Ahlgren #191814
Attorney for Plaintiff
220 W. Washington Ave. Ste 105
Fergus Falls, MN  56537
218-998-2775

## Verification

I, Erik A. Ahlgren, the moving party named in the foregoing Complaint, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

April 23, 2014

Signed: /e/ Erik A. Ahlgren
Erik A. Ahlgren, Trustee
220 W. Washington Ave. Ste 105
Fergus Falls, MN  56537
218-998-2775