# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

    Jennifer Marie Wenzel,                             **CHAPTER 7**
                                                                              **ADV 14-06013**
                                                                              **Lead Case No.:  14-60031**

    Debtor

_____

Erik A. Ahlgren, Trustee,

    Plaintiff,

vs.

Steven L. Johnson,

    Defendant

---

## ANSWER AND AFFIRMATIVE DEFENSES
## TO THE COMPLAINT TO RECOVER FRAUDULENT CONVEYANCE

Debtor Steven L. Johnson ("Johnson" or "Debtor"), by and through the undersigned counsel, respectfully files his Answer and Affirmative Defenses to the Complaint to Recover Fraudulent Conveyance ("the Complaint") filed by Erik A. Ahlgren, United States Trustee ("Plaintiff"), and states as follows:

### **ANSWER**

1.     Defendant admits to the allegations contained in Paragraph 1 of the Complaint.

2.     Defendant admits to the allegations contained in Paragraph 2 of the Complaint.

3.     Defendant admits to the allegations contained in Paragraph 3 of the Complaint, except that the Defendant, Steven L. Johnson is, more accurately, Debtor's life partner and significant other.

4.     Defendant admits to the allegations contained in Paragraph 4 of the Complaint.

5.     Defendant admits to the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits to the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits to the allegations contained in Paragraph 7 of the Complaint.

8. With respect to the allegations contained in Paragraph 8 of the Complaint, while Debtor concededly transferred funds to Defendant Steven L. Johnson, the character of that transfer was as a pass through in order to facilitate closing on a homestead property. In essence, the Debtor took exempt funds from a 403b, and purchased a half interest in a homestead which she immediately co-occupied.

9. With respect to the allegations contained in Paragraph 9 of the Complaint, there was absolutely no intent to hinder, delay or defraud creditors of the Debtor. The transfer took place more than six months prior to the filing of bankruptcy, and before Debtor had formulated any notion whatsoever to file a bankruptcy. The funds were taken from the Debtor's PERA 403b Retirement Account, which was an ERISA qualified fund. Accordingly, those funds were exempt from Debtor's creditors, as well as the Trustee.

10. With respect to the allegations contained in Paragraph 10 of the Complaint, Defendant believes that Debtor received at least equivalent value in exchange for the transfer of the $6,325. Defendant Steven L. Johnson and Debtor determined to purchase a home. Debtor remained on the mortgage on the prior marital homestead, as her ex-spouse had not transferred mortgage responsibility to his new spouse. Defendant Johnson qualified for mortgage financing, even though his sole income was from Social Security Disability. However, the Debtor and Defendant Johnson did not qualify for mortgage financing in that that the Debtor's FICO score was so low that it precluded mortgage financing had the parties applied jointly. However, it has always been the intent of Debtor and Defendant Steven L. Johnson to own the home on an equal basis. Accordingly, the decision was made to purchase the home solely in Defendant Steven L. Johnson's name, as he could qualify for a VA loan based solely upon his SSI/SSDI benefits. To facilitate the purchase of the property, Debtor was not included on either the deed transferring the property, nor the mortgage instrument securing the VA loan. Defendant and Debtor believe that the asking price for the homestead represented a fair and reasonable market value for the

property. The home was discounted from the MLS listing price. Title to the homestead is now jointly in the names of the Debtor and Defendant.

11. With respect to the allegations contained in Paragraph 11 of the Complaint, Defendant denies the entirety of the allegation and demands strict proof thereof. The Trustee is not entitled to a presumption of insolvency in as much as the transfer occurred more than six months prior to Debtor's actual filing of the bankruptcy proceeding. Moreover, the Debtor's net asset position did not change as a result of the transfer of funds.

12. With respect to the allegations in Paragraph 12 of the Complaint, Plaintiff is not entitled to avoid the transfer of the $6,325 funds pursuant to either Bankruptcy Code §544(b) and the Minnesota Fraudulent Transfer Act, and puts Plaintiff to his strict proof thereof.

13. With respect to the allegations contained in Paragraph 13 of the Complaint, Plaintiff is not entitled to avoid the transfer of $6,325 to the Defendant under §11 USC 547, and puts Plaintiff to his strict proof thereof.

14. With respect to the allegations contained in Paragraph 14 of the Complaint, the Plaintiff is not authorized to avoidance, and has no funds to recover.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

Failure of Consideration. While Debtor concededly transferred funds to Defendant Steven L. Johnson, the character of that transfer was as a pass through in order to facilitate closing on the Debtor's homestead property. In essence, the Debtor took exempt funds from a 403b, and purchased a half interest in a homestead which she immediately co-occupied. Since the date of purchase, and consistent with the original intentions of Debtor and Defendant, Defendant executed a Quit Claim Deed for the purpose of converting the homestead property to a joint tenancy. When Debtor filed her bankruptcy petition, legal tenancy did remain solely with Defendant Steven L. Johnson. Accordingly, Debtor claimed an exemption of $6,325 representing her equitable interest in the homestead pursuant to §11 USC 522(d)(1). In essence, then, Debtor simply converted an exempt asset into a different type of exempt asset.

Second Affirmative Defense

Failure to State a Claim Upon Which Relief May be Granted. Debtor converted no asset which would have been available to her debtors at the time of the transfer. The conversion simply was channeled into a second exempt asset. Again, this channeling and transactions took place well in advance of the Debtor's bankruptcy filing. The net effect of the transfer did not materially change the position of any of the Debtor's creditors in any manner whatsoever.

Third Affirmative Defense

Neither Bankruptcy Code §544(b) nor the Minnesota Fraudulent Transfer Act apply to the transaction referenced in Plaintiff's Complaint in that Debtor received fair value in exchange for the money she utilized to purchase the interest in her homestead.

Debtor simply needed a place to live, and purchase such residence, claimed exempt, from an exempt source of funds.

Defendant reserves the right to amend and/or add additional Answers, Defenses and/or Counterclaims at a later date.

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests that this Court enter judgment (a) dismissing the Complaint; and (b) awarding to the Defendant costs, expenses and reasonable attorneys' fees; and (c) granting to the Defendant such other and further relief as is just and appropriate.

Dated:　04/19/2014　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Allen W. Elleraas
　　　　　　　　　　　　　　　　　　Allen W. Elleraas – 26426
　　　　　　　　　　　　　　　　　　Attorney for Defendant Steven L. Johnson
　　　　　　　　　　　　　　　　　　Elleraas Law Office
　　　　　　　　　　　　　　　　　　816 W. St. Germain Street, Suite 300
　　　　　　　　　　　　　　　　　　P.O. Box 1820
　　　　　　　　　　　　　　　　　　St. Cloud, MN  56302
　　　　　　　　　　　　　　　　　　Phone:  320-252-1067

Facsimile:  320-252-1091
Email:  awelaw@integra.net

**CERTIFICATE OF SERVICE**

  I hereby certify that I caused a true and correct copy of the foregoing Answer to be served this 19th day of  May , 2014, by email upon the following persons:

Erik A. Ahlgren, Trustee
220 W. Washington Ave. Ste 105
Fergus Falls, MN  56537

            /s/ Tammy A. Novak
            Tammy A. Novak